**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

| | |
|---|---|
| **ACUITY, A MUTUAL INSURANCE COMPANY,**<br>**2800 South Taylor Drive**<br>**Sheboygan, WI 53081** )<br> )<br> )<br> ) | **Civil Action No.:** |
| **Plaintiff,** )<br> ) | **Judge:** |
| **vs.** )<br> ) | *ELECTRONICALLY FILED* |
| **DICKEY EXCAVATING, INC.,**<br>**3663 Turkeyfoot Road**<br>**Erlanger, KY 41018** )<br> )<br> )<br> ) | |
| **Serve: Michael S. Dickey**<br>        **3663 Turkeyfoot Rd.**<br>        **Erlanger, KY 41018** )<br> )<br> )<br> ) | |
| **Defendant.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes the Plaintiff, Acuity, A Mutual Insurance Company (hereinafter referred to as "Acuity"), by counsel, and for its Complaint for Declaratory Judgment, states as follows:

## INTRODUCTION

1.     This is a declaratory judgment action filed pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 for a declaration of rights and other relief under contracts of insurance.

2.     Acuity seeks a declaration of rights and obligations with respect to the defense and indemnification of Dickey Excavating, Inc.

## THE PARTIES

3.     Acuity is a corporation domiciled in and a resident of the State of Wisconsin, and is licensed to transact insurance business in the Commonwealth of Kentucky.

4.      Upon information and belief, Defendant Dickey Excavating, Inc. is a Kentucky corporation with its principal place of business located at 3663 Turkeyfoot Road, Erlanger, Kentucky 41018 and is engaged in the business of construction, including the installation of Storm Sewer Systems.

## VENUE AND JURISDICTION

5.      This lawsuit is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy is between citizens of different states and exceeds the sum of $75,000.00.

7.      The relief is specifically authorized pursuant to 28 U.S.C. § 2201.

8.      There is a present and actual controversy between the parties.

9.      Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391 because, among other grounds, the event giving rise to this dispute took place in this District.

## FACTUAL BACKGROUND

10.      Acuity issued to Dickey Excavating, Inc. an insurance policy, Policy No. Z45479, which provided business liability and medical expenses coverage and was effective May 20, 2016 to May 20, 2017 ("the Policy").  A certified copy of Policy No. Z45479 is attached as Exhibit A.

11.      On or about July 24, 2017, HCP Properties, Inc. and Auto Vehicle Parts Company ("Plaintiffs") filed a Complaint ("the Complaint") against  The Hemmer Companies f/k/a Paul Hemmer Construction Company, GRW Engineers, Inc., M&W Excavation Company, Inc., Dickey Excavating, Inc., Geotechnology, Inc. f/k/a/ Thelen Associates, City of Cold Spring, Kentucky, Disabled American Veterans, and John Doe Property Owner #1, 2, 3, 4 & 5 in the Campbell County Circuit Court, Civil Action No. 17-CI-647. In the Complaint filed in Civil

Action No. 17-CI-647, HCP Properties, Inc. and Auto Vehicle Parts Company asserted claims of negligence, negligent misrepresentation, breach of warranty, unreasonable use, nuisance, inverse condemnation, and trespass. They seek money damages and injunctive relief as a result of an alleged failure of the storm sewer system located at 100 Holman Drive, Cold Spring, Kentucky 41076, and a landslide that resulted from said failure.

12.     HCP and/or Auto Vehicle Parts Company allegedly entered into a contract with Defendant Hemmer for the development of the Property and the construction of Auto Vehicle Parts Company headquarters on the Property.

13.     HCP and/or Auto Vehicle Parts Company allege that Dickey Excavating was responsible for the installation of a storm sewer system subject to specifications provided by a subcontract between Hemmer and Dickey.

14.     HCP and/or Auto Vehicle Parts Company allege that in the summer of 2016, they experienced significant failures of the storm sewer system at the property.

15.     HCP and/or Auto Vehicle Parts Company allege that Defendant Dickey failed to design and construct the storm sewer system and others aspects of the property in a workmanlike manner and with due care, and in compliance with the applicable building codes.

16.     HCP and/or Auto Vehicle Parts Company allege that the breach of the duty of care by the Defendants, including Dickey Excavating, proximately caused them injury, including but not limited to the cost of repairs to the storm sewer system and the grading of the Property and the loss of use of the Property during the course of the repairs.

17.     HCP and/or Auto Vehicle Parts Company further allege that the Defendant Dickey Excavating, Inc. breached its express warranties that the storm sewer system and other

aspects of the Property would be constructed in a sound and workmanlike manner and would perform sufficiently.

18.     HCP and/or Auto Vehicle Parts Company further allege that the Defendant Dickey Excavating, Inc. breached an implied warranty that the storm sewer system and other aspects of the Property were fit for ordinary use and habitability.

19.     Acuity seeks a declaration pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 as to the rights, duties, and obligations, if any, between the parties hereto, as established by the insurance policy at issue in this matter as discussed in more detail below.

## COUNT I

20.     Acuity incorporates by reference Paragraphs 1 through 19 as if fully set forth herein.

21.     Under the Bis-Pak Business Liability and Medical Expenses Coverage Form, the Policy provides, in pertinent part:

**1.      Business Liability**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury*, *property damage* or *personal and advertising injury* to which this insurance applies.  We will have the right and duty to defend the insured against any suit seeking those damages.  However, we will have no duty to defend the insured against any *suit* seeking damages for *bodily injury*, *property damage* or *personal and advertising injury* to which this insurance does not apply.  We may at our discretion investigate any *occurrence* or offense and settle any claim or *suit* that may result....

                        ***

22.     The policy further provides that the insurance applies:

(1) To *bodily injury* or *property damage* only if:

(a) The *bodily injury* or *property damage* is caused by an *occurrence* that takes place in the *coverage territory*;

      (b) The *bodily injury* or *property damage* occurs during the policy period. …

*\*\*\**

23.     Thus, in order for any portion of the Business Liability and Medical Expenses Coverage to apply there must be "bodily injury" or "property damage" caused by an "occurrence" as defined by the policy, during the policy period.

24.     The Policy, as amended by endorsement, defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." "Occurrence" includes:

      (A) *Property damage* to *your work* if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor and the *property damage* to *your work* is included in the *products-completed operations hazard*;

      (B) *Property damage* to property other than *your work* that arises out of *your work.*

25.     The claims against Dickey Excavating in the Complaint do not constitute an "occurrence" as defined by the policy.  Therefore, the claims in the Complaint are excluded from coverage.

26.     Furthermore, and/or in the alternative, the policy also contains exclusions, which may preclude coverage for the claims against Dickey Excavating.

27.     The policy, at exclusion k., excludes coverage for:

      Property damage to:

*\*\*\**

      (5)    That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf is performing operations,

if the *property damage* arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or replaced because *your work* was incorrectly performed on it….

28.     The policy, at exclusion l., excludes coverage for:

*Property damage* to *your product* arising out of it or any part of it.

29.     The policy, at exclusion m., excludes coverage for:

*Property damage* to *your work* arising out of it or any part of it and included in the *products-completed operations hazard*.

***

30.     The policy, at exclusion n., excludes coverage for:

*Property damage* to *impaired property* or property that "has not been physically injured, arising out of:

(1)     A defect, deficiency, inadequacy or dangerous condition in *your product* or *your work*; or

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

***

31.     The policy defines "impaired property" as:

[T]angible property, other than *your product* or *your work*, that cannot be used or is less useful because:

a.     It incorporates *your product* or *your work* that is known or thought to be defective, deficient, inadequate or dangerous; or

b.     You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

    a. The repair, replacement, adjustment or removal of *your product* or *your work*; or

    b. Your fulfilling the terms of the contract or agreement.

32.    The policy defines "your work" as:

    a. Work or operations performed by you or on your behalf; and

    b. Materials, parts or equipment furnished in connection with such work or operations.

*Your work* includes:

    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of *your work*; and

    b. The providing of or failure to provide warnings or instructions.

33.    Based upon the allegations against Dickey Excavating, and the language and exclusions contained in the policy, Acuity has no coverage obligation under the Policy because the allegations against Dickey Excavating do not constitute a claim for "property damage" caused by an "occurrence", as those terms are defined in the policy and/or because these allegations are excluded from coverage under the policy's exclusions set forth above.

34.    Pursuant to the above exclusions, and any other exclusions and/or definitions found to be applicable by this Court, Acuity seeks a declaration as to whether it has a duty to defend, indemnify, or otherwise provide coverage to Dickey Excavating for any loss arising from the facts as alleged in the underlying action.

WHEREFORE, Plaintiff, Acuity, A Mutual Insurance Company, prays and respectfully requests that this Honorable Court declare:

A)    That the policy of insurance issued to Dickey Excavating, Inc. does not provide

coverage for the claims, injury or damages asserted in Campbell County Circuit

Court Civil Action No. 17-CI-647;

B)    That Acuity has no obligation to provide a defense to Dickey Excavating, Inc.

against the claims in Campbell County Circuit Court Civil Action No. 17-CI-647;

and

C)    For costs and attorney's fees incurred herein, and for such further relief to which

Acuity may be entitled.

Respectfully submitted,


*/s/ Katherine L. Kennedy*
Katherine L. Kennedy (92606)
LEWIS, BRISBOIS, BISGAARD & SMITH
909 Wright's Summit Parkway, Suite 230
Ft. Wright, KY 41011
kate.kennedy@lewisbrisbois.com
Phone:  (859) 663-9830
Fax:  (859) 663-9829
*Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on the 27th day of November, 2018, I electronically filed the foregoing with the Clerk of the Court by using the electronic system, and a true and correct copy was served via electronic mail or U.S. Mail upon the following:

Dickey Excavating, Inc.  
2663 Turkeyfoot Road  
Erlanger, KY 41018  

Also Serve:   Michael S. Dickey  
               3663 Turkeyfoot Rd.  
               Erlanger, KY 41018  

Scott Thomas  
Justin Whittaker  
Kyle M. Winslow  
Hemmer DeFrank Wessels  
250 Grandview Drive, Suite 500  
Ft. Mitchell, KY 41017  
Sthomas@hemmerlaw.com  
jwhittaker@hemmerlaw.com  
kwinslow@hemmerlaw.com  
*Attorneys for Defendant*

*/s/ Katherine L. Kennedy*_____  
Katherine L. Kennedy (92606)